6th May, 1806.
Bay, J.,
delivered the opinion of himself, Geimee, Watees, and Trezevant, Justices, that the custom was reasonable and just. That it was an ancient custom which arose with the first settlement of the town ; and not unreasonable, be. cause it must depend on a jury to decide whether the fence set up be reasonable, or not, and consistent with the custom.
Brevard, J.,
delivered the opinion of himself and Widds, J., in favor of the motion, as follows : The plaintiff and defendant in this ease, were the proprietors of certain adjoining pieces of land in the city of Charleston. The plaintiff, it seems, wished a partition wall, or fence, to be erected upon the boundary, or dividing line, of their respective parcels of ground, and applied to the defendant to join him, in raising the same, or to pay an equal part .of the expence thereof. But the defendant, who, perhaps, did not feel equally interested in having such a building erected, or was not equally disposed, at that time, to encounter the trouble, or expence, refused to comply. The plaintiff thereupon proceeded to erect on the premises such a fence as suited his own convenience and taste, at his own cost; and the present action was brought against the defendant, in the City Court, to recover the value of *69 one half the expence of the said fence/ The question before this court is, whether, upon the proof of the circumstances, which appeared upon the trial in the City Court, the plaintiff is, by law, entitled to recover ? The right to recover, is asserted on the ground of a local custom of the City of Charleston, evidence of which was adduced on the trial, and which custom was recognized as sufficient to support the plaintiff’s demand. The foundation of the plaintiff’s right to recover is disputed. The defendant insists, that there is no law, or legal custom, to sanction the pretended right in question. The matter in dispute, is resolved into this question, whether the custom insisted on has existed, and is of such a nature as to warrant a recovery by the plaintiff in this case ? By the common law, an action in such a case as this, could not be maintained. There is no statute law of England of force here, nor any act of the Legislature of this country,' to support such a claim. There has no decision taken place in any case, that we know of in this State, which has recognized the custom contended for. We know not what the evidence was which went to prove the custom. We know not that such a custom exists. If it has existed, we are ignorant how long it has existed, and under what modifica, tions. It may have varied from time to time, for aught we know. Customs innovating on the common law ought to be taken strictly. To be admitted as good, they must appear to be reasonable and certain ; to have continued from time immemorial, without interruption. The custom contended for in the present case, appears to my brother Wilds, and myself, to be unreasonable. It must operate unequally, because one of the parties concerned may derive ten times the advantage from a partition fence that another may, and yet that other be compelled to pay a moiety of the expeuce. It is unreasonable, because no man ought to be obliged to serve his neighbor against his will, though it should benefit himself. He is the best judge, himself, what suits his own interest and convenience, and not his neighbor. We are of opinion there is no good custom to warrant the determination.